THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution
for Violation of the Election Law.

No. 890.—Decided July 30, 1915.

ELECTIONS—REGISTRATION.—The election system of Porto Rico established first by the acts of 1902 and 1904 and later by the laws now in force—act of 1906 as amended and modified by acts of 1908 and 1912—is based on a registry of voters in which are entered the names of persons who are entitled to vote on the day of election.

ID.—REGISTRATION.—Registration being a condition *sine qua non* of the right to vote because persons who are not registered cannot vote and as those entitled to vote must be registered, it follows that those who have no right to vote have no right to be registered.

ID.—REGISTRATION—MISDEMEANOR.—A person who registers or allows himself to be registered knowing that he does not possess the qualifications required by law of a voter commits the offense defined in section 162 of the Penal Code.

The facts are stated in the opinion.
*Mr. Arturo Aponte, Jr.,* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

José Rodríguez was sentenced by the District Court of Humacao to pay a fine of $50, or, in default thereof, to undergo one month's imprisonment and pay the costs, for violating section 162 of the Penal Code. The information charges that in the month of July of 1914 he wilfully had himself registered in the registry of voters of the municipality of Naguabo, electoral precinct of the same, knowing that he was not entitled to such registration because he had not resided in the said municipality for one year prior to November 3, 1914,

the date of the election. In his appeal therefrom the defendant contends that the judgment should be reversed on the ground that the information charges him with no crime for the reason that there is no registry of voters in Porto Rico or in Naguabo and that the law exacts no qualifications for the registration of citizens of Porto Rico or of the United States, but only for voting.

The election system established by our electoral law is based upon the existence of a registry of voters in which are entered the names of the persons having a right to vote on the day of election. That registry of voters was ordered by the acts of 1902 and 1904 as well as by the act now in force and effect, or the act of 1906 as amended and modified by the acts of 1908 and 1912. Section 4 of the said act provides that every male citizen of Porto Rico or of the United States whose name appears on the registry list shall be entitled to vote in the municipal district where he resides, which shows that there is a registry in Porto Rico where the names of the persons entitled to vote are registered, for which reason the contention of the appellant as to this point cannot be sustained.

Section 162 of the Penal Code provides that any person who wilfully causes, procures, or allows himself to be registered in the registry of voters in any municipality of Porto Rico knowing himself not to be entitled to such registration shall be deemed guilty of a misdemeanor, but the appellant contends that there is no law in this island requiring certain qualifications for the registration of citizens of Porto Rico or of the United States, qualifications being attached only to the right to vote.

We understand that registration is a condition *sine qua non* for the exercise of the right to vote, inasmuch as persons who are not registered cannot vote, and as the names of such persons as are entitled to vote should appear in the registry, it follows that a person having no right to vote has no right to be registered. Consequently, in order for a per-

son to be registered as a voter he must possess the qualifications of a voter, as prescribed by law, and a person who registers or allows himself to be registered knowing that he has not such qualifications commits the offense penalized by section 162 of the Penal Code.

Therefore, as the information charges that the appellant wilfully allowed himself to be registered as a voter in the precinct of Naguabo knowing that he was not entitled to such registration because he had not resided in the precinct for one year, it alleges facts which constitute a violation of said section 162, for, according to section 15 of the Election Law, he was not entitled to vote in the said precinct in the election of November 3, 1914, and the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.